# EXHIBIT A



# Notice of Service of Process

DB2 / ALL
Transmittal Number: 22697361
Date Processed: 02/02/2021

| | |
|---|---|
| Primary Contact: | Nan Swan<br>Freepoint Commodities LLC<br>58 Commerce Rd<br>Stamford, CT 06902-4506 |
| Entity: | Freepoint Commodities LLC<br>Entity ID Number 3613878 |
| Entity Served: | Freepoint Commodities, LLC |
| Title of Action: | Samir Lachine vs. Freepoint Commodities, LLC |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Personal Injury |
| Court/Agency: | Wayne County Circuit Court, MI |
| Case/Reference No: | 20-014960-NO |
| Jurisdiction Served: | Delaware |
| Date Served on CSC: | 02/01/2021 |
| Answer or Appearance Due: | 28 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | William S. Weiler<br>248-505-1650 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

# LAW OFFICE OF WILLIAM S. WEILER, PLC

January 16, 2021

CORPORATION SERVICE COMPANY
SERVICE OF PROCESS
251 LITTLE FALLS DRIVE
WILMINGTON, DE 19808

RE:  Lachine v FREEPOINT COMMODITIES, LLC

Dear Sir/Madam:

Delaware records list your company as the Agent for Service of Process for **FREEPOINT COMMODITIES, LLC.**

I enclose a Summons and Complaint naming **FREEPOINT COMMODITIES, LLC.** as Defendant.

If you have any questions please contact me,

                                            Sincerely,

                                            /s/William S. Weiler

                                            William S. Weiler

WSW/ej
Enclosures

Approved, SCAO

| Original - Court | 2nd Copy - Plaintiff |
| 1st Copy- Defendant | 3rd Copy -Return |

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>20-014960-NO<br>Hon.Susan L. Hubbard |
|---|---|---|

Court address : 2 Woodward Ave., Detroit MI 48226     Court telephone no.: 313-224-5183

| Plaintiff's name(s), address(es), and telephone no(s)<br>Lachine, Samir | v | Defendant's name(s), address(es), and telephone no(s).<br>Freepoint Commodities LLC |
|---|---|---|

Plaintiff's attorney, bar no., address, and telephone no

William S. Weiler 37414
2850 Warner Dr
West Bloomfield, MI 48324-2446

Instructions: Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐_____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.     **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>11/12/2020 | Expiration date*<br>2/11/2021 | Court clerk<br>Carlita McMiller |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)     SUMMONS     MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

SAMIR LACHINE,

    Plaintiff.

vs.                            Case No. 2020-        NO

FREEPOINT COMMODITIES, LLC,
a foreign limited liability corporation.

    Defendants.

_____/

LAW OFFICE OF WILLIAM S. WEILER
By: WILLIAM S. WEILER (P37414)
Attorney for Plaintiff
2850 Warner Dr.
West Bloomfield, MI 480324
(248) 505-1650
e-mail: lawyerweiler@msn.com

---

    A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in this court, where it was given Case Number 20-002375-NO and is assigned to Judge Susan L. Hubbard. The case is still pending.

                              /s/William S. Weiler
                              _____
                                WILLIAM S. WEILER

## **COMPLAINT**

    Plaintiff, SAMIR LACHINE, by and through his attorney, WILLIAM S. WEILER, for his Complaint states as follows:

## GENERAL ALLEGATIONS

1. Plaintiff is a resident of the City of Bloomfield Hills, County of Oakland, State of Michigan.

2. Defendant, FREEPOINT COMMODITIES, LLC (hereinafter "FREEPOINT"), is a foreign Limited Liability corporation with offices in the City of Stamford, State of Connecticut and is in the business, in pertinent part, of purchasing, shipping and reselling various bulk commodities including grains and at all times relevant to the events which gave rise to this case of action was conducting business in the City of Detroit, County of Wayne, State of Michigan.

3. FREEPOINT had entered into a contract with U.S. Transloading Services, LLC (hereinafter "USTS"), of which the Plaintiff is the principal member and sole shareholder, to receive Distillers Dry Grain (DDG) at USTS's facility in Detroit, MI for the purpose of loading into sea containers for overseas shipment.

4. The contract between FREEPOINT and USTS placed the responsibility on FREEPOINT for the retention, hiring and scheduling of any entity carrying product purchased by FREEPOINT inbound to USTS's facility.

5. Pursuant to the contract, FREEPOINT assumed the liability for the negligent acts occurring on USTS property committed by entities retained by FREEPOINT.

6. WIN LOGISTICS, INC, a Michigan corporation (hereinafter "WIN LOGISTICS") was retained by FREEPOINT to haul Distillers Dry Grain (DDG) to the USTS facility.

7. On the 13th day of November 2017, pursuant to the request of Defendant FREEPOINT, WIN LOGISTICS dispatched a rear-dump gravel hauler owned by WIN

LOGOSTICS and driven by GARY WINSLOW arrived to the USTS facility with a load of DDG.

8. WINSLOW was instructed to pull forward to an area in the floor of the facility where the load would be dumped into a pit with a grate-covered opening, longer than the width of the bed of the hauler and approximately 3 feet wide.

9. USTS personnel advised WINSLOW he would have to control the discharge rate of the product during off-loading so that there would not be an accumulation of product on top of the grate.

10. Given the type of hauler being used, WINSLOW had difficulty controlling the rate of flow and requested to use a USTS chain to secure the tailgate of the hauler to restrict the opening of the tailgate thereby slowing the flow of product.

11. The off-loading of the product occurred without incident.

12. WINSLOW returned in the afternoon with a second load of DDG and his own chain, affixing one end of the chain to the left side of the tailgate and the other end to a small access ladder attached to the left side of the gravel hauler.

13. Plaintiff, a representative from FREEPOINT, USTS employees and others were observing the unloading process at the rear of the truck at what would normally be a safe distance.

14. Again, WINSLOW had difficulty controlling the rate of flow of the DDG.

15. The material stopped flowing and WINSLOW entered his truck to raise the bed of the gravel hauler.

16. WINSLOW raised the bed to a point at which the product cascaded down the length of the bed, striking the lift gate with sufficient force to cause the improperly

3

placed chain to break free allowing the tail gate to swing wide open resulting in the discharge of the entire load of product.

17. The free-swinging lift gate and/or avalanching product struck the Plaintiff in the right hand resulting in multiple fractures.

18. The flow of product knocked the Plaintiff off his feet and propelled him more than 20 feet from the point where he was standing resulting in multiple back, neck and shoulder injuries.

19. The Plaintiff's injuries required hospitalization, surgical intervention with the placement of reparative hardware, physical therapy and other medical treatment.

20. Plaintiff's injuries caused pain, suffering and mental anguish and in the future will continue to cause pain, suffering and mental anguish and limit the Plaintiff's general ability to lead his normal life and Plaintiff seeks compensation for same.

21. As a result of the treatment necessitated by the injuries sustained by the Plaintiff, the Plaintiff has been left with permanent and disfiguring scarring of the right wrist and Plaintiff seeks compensation for same.

22. Some of the injuries sustained by the Plaintiff have resulted in permanent impairment including pain, limitation of motion and loss of grip strength and Plaintiff seeks compensation for same.

23. The injuries sustained by the Plaintiff will require medical intervention in the future.

24. This Court has jurisdiction as a result of the injuries and damages sustained by Plaintiff and the amount in controversy exceeds TWENTY-FIVE THOUSAND DOLLARS ($25,000.00), exclusive of interest, costs, and attorney fees.

## COUNT I
## NEGLIGENT HIRING/RETENTION

25. Plaintiff incorporates paragraphs 1-24 of this Complaint as if each paragraph is repeated herein.

26. Defendant FREEPOINT is in the business of purchasing and reselling various commodities including DDG.

27. Defendant FREEPOINT was aware that although USTS and the Plaintiff had experience off-loading and loading various commodities, USTS had never undertaken to off-load and load DDG.

28. Defendant FREEPOINT was aware of the unique properties of DDG and the appropriate manner and method to be employed in the transporting and off-loading of the product.

29. On more than one occasion prior to November 13, 2017, Defendant FREEPOINT had sent its agents, servants and or employees to the USTS facility to discuss USTS's off-loading/loading operations.

30. Defendant FREEPOINT agents, servants and/or employees inspected the off-loading area, pit and the off-loading/loading machinery at the USTS facility prior to and on November 13, 2017.

31. Defendant FREEPOINT agents, servants and/or employees were familiar with what transport modes and methods would work best at the USTS facility for the off-loading of DDG.

32 Defendant FREEPOINT specifically retained WIN LOGISTICS for the purpose of the transportation and off-loading of DDG at the USTS facility.

5

33. Defendant FREEPOINT knew or in the exercise of reasonable care should have known that WIN LOGISTICS did not have the expertise, vehicles, equipment or personnel to safely off-load DDG at USTS.

34. Defendant FREEPOINT owed a common law and contractual duty to the Plaintiff to exercise reasonable care to ensure that no negligent acts would be committed by WIN LOGISTICS during the off-loading of DDG at the Plaintiff's facility.

35. Defendant FREEPOINT violated its duty in the in the following particulars, by way of example and not limitation:

> a). Retaining WIN LOGISTICS without ascertaining WIN LOGISITCS' lack of experience with the transporting and off-loading of DDG;
>
> b). Ignoring the fact that WIN LOGISTICS had no experience transporting and off-loading DDG;
>
> c). Failing to determine if WIN LOGISTICS had the proper equipment necessary to transport and safely off-load DDG;
>
> d). Failing to determine if WIN LOGISTICS personnel had the knowledge, training and expertise to safely transport and off-load DDG;
>
> e). Failing to determine if WIN LOGISTICS personnel were familiar with the properties, characteristics and behavior of DDG during the transportation and off-loading process.
>
> f). Failing to determine if the WIN LOGISTICS vehicles that were to be used in the transportation process were equipped with the necessary features and accessories to safely off-load DDG;
>
> g) In negligently retaining WIN LOGISTICS based on price and availability and not on experience level and equipment to be used.

36. As a direct and proximate cause of the FREEPOINT's violations of duties owed to the Plaintiff, the Plaintiff sustained injuries resulting in damages as previously alleged and Plaintiff seeks compensation for same.

37. As a result of the Defendant's breaches of duties owed to the Plaintiff, the Plaintiff will in the future continue to sustain economic and non-economic damages as previously alleged and Plaintiff seeks compensation for same.

Plaintiff requests that this Court enter a judgment against Defendant FREEPOINT in whatever amount the trier of fact determines to be fair, just and adequate compensation for the injuries and damages sustained by the Plaintiff, together with interest, court costs and attorney fees.

## COUNT II
## CONTRACTUAL ASSUMPTION OF LIABILITY

38. Plaintiff incorporates paragraphs 1-37 of this Complaint as if each paragraph is repeated herein.

39. Defendant FREEPOINT entered into an Agreement with USTS wherein Defendant FREEPOINT agreed to assume liability for the negligent acts committed by entities retained by FREEPOINT while said entities were on USTS premises.

40. The incident that is the subject of this Complaint was the result of negligent acts committed on USTS property by an entity retained by Defendant FREEPPOINT in the performance of acts contemplated by the Agreement.

41. Defendant FREEPOINT, therefore, is liable for the negligence of WINSLOW and WIN LOGISTICS which resulted in the damages and injuries sustained by the Plaintiff.

Plaintiff requests that this Court enter a judgment against the Defendant FREEPOINT in whatever amount the trier of fact determines to be fair, just and adequate compensation for the injuries and damages sustained by the Plaintiff, together with interest, court costs and attorney fees.

        Respectfully submitted:

        /s/William S. Weiler

        WILLIAM S. WEILER (P37414)
        Attorney for Plaintiff
        2850 Warner Dr.
        West Bloomfield, MI 480324
        Tel: (248) 505-1650
        e-mail: lawyerweiler@msn.com

Dated:   November 12, 2020

